IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SINICA SHEVESE MOORE                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO. 5:09cv104-MTP

JACQUELYN BANKS and GABRIEL WALKER                                     DEFENDANTS

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on April 27, 2010. The Plaintiff appeared *pro se* and Defendants were represented by attorneys Chris Espy and Lem Montgomery. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time Plaintiff's claims arose, he was incarcerated at Wilkinson County Correctional Facility (WCCF) in Woodville, Mississippi, having been convicted of a felony.[2] Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[3]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff is currently incarcerated at WCCF.

[3] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

Plaintiff claims that he was assaulted by Defendant Gabriel Walker, Assistant Warden at WCCF, on March 30, 2009.  Specifically, Plaintiff claims that he was in the dining hall receiving his meal tray and he felt that the size of his portion was too small.  He claims that he asked Walker if he could get another tray, and Walker told him to sit down.  Plaintiff then asked for a cup of water, and he claims that after he got it he turned around and Walker slapped his hand, threw him on the floor and then told him to leave the dining hall.  Plaintiff complains that he did not receive his meal because he was kicked out of the dining hall.

As a result of the alleged assault, Plaintiff complains that he suffered "a little" pain and bruising in his wrist, but did not have any broken bones or cuts.  He conceded that no medical attention was required.  Plaintiff also claims that he has suffered from stress and anxiety as a result of the alleged assault.

Plaintiff explained that he sued Warden Jacquelyn Banks because she was made aware of this incident through his filing of a grievance in the administrative remedy program, but that she did not do anything about it.  Plaintiff conceded that Warden Banks was not present when the alleged assault took place.

**2.  DISCOVERY ISSUES**

Within thirty days, Defendant shall produce to Plaintiff:  a copy of any ARP documents relating to the alleged assault; and a copy of any incident reports relating to the alleged assault.

There are no other discovery matters pending at this time, except for those set forth herein.  The discovery set forth above will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Fed. R. Civ. P. 26(b)(1).  The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### 3. MOTIONS DEADLINE AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is July 15, 2010. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Within thirty days, Defendant shall produce to Plaintiff: a copy of any ARP documents relating to the alleged assault; and a copy of any incident reports relating to the alleged assault.

2. The deadline for the filing of motions (other than motions *in limine*) is July 15, 2010.

3. This order may be amended only by a showing of good cause.

4. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED on this the 6th day of May, 2010.

s/ Michael T. Parker
United States Magistrate Judge