IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SINICA SHEVESE MOORE                                                              PLAINTIFF

VS.                                                         CIVIL ACTION NO. 5:09cv104-MTP

JACQUELYN BANKS and GABRIEL WALKER                                        DEFENDANTS

### AMENDED MEMORANDUM OPINION AND ORDER[1]

This matter is before the court on Defendants' Motion for Summary Judgment [22]. Having reviewed the submissions of the parties, the entire record in this case and the applicable law, for the reasons set forth below the court finds that the motion should be granted and that this action should be dismissed with prejudice.[2]

### Factual Background

Plaintiff Sinica Shevese Moore filed suit *pro se* on June 24, 2009, pursuant to 42 U.S.C. § 1983, against Defendants Jacquelyn Banks, Warden of Wilkinson County Correctional Facility in Woodville, Mississippi ("WCCF") and Gabriel Walker, Assistant Warden at WCCF.[3] As clarified by his sworn testimony at an omnibus hearing held on April 27, 2010 pursuant to *Spears*

---

[1] The original Memorandum Opinion and Order [26] was withdrawn by Order [27] dated September 8, 2010 and is replaced by this Memorandum Opinion and Order.

[2] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [17], the undersigned is authorized to enter final judgment pursuant to 28 U.S.C. § 636 (c)(1), Fed. R. Civ. P. 73 and Local Rule 73.1.

[3] At the time the claims in this action arose, Plaintiff was incarcerated at WCCF. He is currently incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi.

1

*v. McCotter*, 766 F.2d 179 (5th Cir. 1985),[4] Plaintiff claims that he was assaulted by Defendant Walker on March 30, 2009. Specifically, Plaintiff claims that on that day, he was in the dining hall receiving his meal tray and he asked Mr. Walker if he could get another tray because he felt that his portion was too small. He claims that in response, Mr. Walker told him to sit down. Plaintiff then asked for a cup of water, and he claims that after he received it he turned around and Walker slapped his hand, threw him on the floor and then told him to leave the dining hall. Plaintiff complains that he did not receive his meal because he was kicked out of the dining hall.

As a result of the alleged assault, Plaintiff claims that he suffered "a little" pain and bruising in his wrist, but did not have any broken bones or cuts. Plaintiff concedes that no medical attention was required. Plaintiff also claims that he has suffered from stress and anxiety as a result of the alleged assault.

Plaintiff explained that he sued Warden Banks because she was made aware of this incident through his filing of a grievance in the administrative remedy program, but that she did not do anything about it. Plaintiff concedes that Warden Banks was not present when the alleged assault took place.

Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the

---

[4] Claims and allegations made at a *Spears* hearing supersede claims alleged in the complaint. *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987); *see also Hurns v. Parker*, 1998 WL 870696, at * 1 (5th Cir. Dec. 2, 1998).

existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

Analysis

Defendant Walker

When prison officials are accused of using excessive force in violation of the Eighth Amendment, "the *core judicial inquiry* is . . . whether force was applied *in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm*." *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)) (emphasis in original); *see also Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010). The Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Copeland v. Nunan*, 2001 WL 274738, at * 2 (5th Cir. Feb. 21, 2001) (quoting *Hudson*, 503 U.S. at 1) (internal quotations and citations omitted). Some of the relevant objective factors in the inquiry of the application of force include: "1) the extent of the injury suffered; 2) the need for the application of force; 3) the relationship between the need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of the forceful response." *Baldwin*, 137 F.3d at 838-39 (internal citations omitted).

In support of their motion, Defendants have submitted an affidavit from Mr. Walker, who avers that he never physically assaulted Plaintiff. Mr. Walker recalls that on one occasion in March 2009, Plaintiff became angry about the size of his lunch portion and complained to him about it. According to Mr. Walker, when he told Plaintiff that the portion was sufficient, Plaintiff threw his lunch tray to the ground and was told to leave the dining hall. Mr. Walker avers that no further action was taken as a result of the incident. Mr. Walker also searched

4

through all WCCF incident reports for March 2009, and none was ever filed regarding the alleged assault. *See* Exh. A to Motion for Summary Judgment.

Plaintiff's response [25] to Defendants' motion was untimely.[5] *See* [25]. Nevertheless, the court will consider the response in ruling on the instant motion. In his response, Plaintiff refers to "3 witness statement [sic]" in support of his claim. Presumably, Plaintiff is referring to the three unsworn statements from inmates who claim to have witnessed the alleged assault, attached to Plaintiff's complaint. *See* [1] at 7-8. However, "[i]t is a settled rule in [the Fifth] circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment." *Ellison v. Broadus*, 2010 WL 988760, at * 7 (S.D. Miss. Mar. 15, 2010) (quoting *Roth v. Morgan*, 160 Fed. Appx. 409, 410 (5th Cir. Dec. 23, 2005)) (brackets in original); *see also White v. Lee*, 2010 WL 2175839, at * 2 (N.D. Miss. May 27, 2010) ("Unsworn pleadings do not satisfy Rule 56(e)'s requirements for summary judgment proof.") (citing *Dorsett v. Board of Trustees*, 940 F.2d 121, 123 (5th Cir. 1991); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)). Thus, affidavits submitted in support of or in opposition to a motion for summary judgment must either be properly notarized or must make the declaration contained in 28 U.S.C. § 1746.[6] *See Ellison*, 2010 WL 988760, at * 7; *White*, 2010 WL 2175839, at * 2. The statements in question are neither notarized nor do they contain the required declaration.

The court is mindful that Plaintiff is proceeding in this matter *pro se*. Nevertheless,

---

[5] The motion was filed on July 15, 2010. On August 9, 2010, when Plaintiff had failed to respond to the motion, the court entered an order [24] directing him to do so by August 27, 2010; otherwise, Plaintiff was warned, the court would consider and rule upon the motion without his response. Plaintiff filed his response on September 8, 2010.

[6] "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." *See* 28 U.S.C. § 1746(2).

"[a]lthough *pro se* plaintiffs are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, the Fifth Circuit...has never allowed *pro* se plaintiffs to oppose summary judgments by the use of unsworn materials." *White*, 2010 WL 2175839, at * 2; *see also Ellison*, 2010 WL 988760, at * 7 (striking pro se prisoner's unsworn, un-notarized affidavit submitted in opposition to motion for summary judgment). Moreover, Rule 56(e)(1) provides in pertinent part that an "opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." The statements provided by Plaintiff fail to meet these requirements (*see* [1] at 7-8) and, therefore, they do not constitute proper summary judgment proof.[7] *See White*, 2010 WL 2175839, at * 2; *Ellison*, 2010 WL 988760, at * 7.

Plaintiff also makes reference in his response to a purported videotape of the events in question, which he alleges would support his claims, and he asks the court to "sequester" the tape and review it. *See* [25]. To the extent that this response can be construed as a motion requesting additional discovery, such a request comes too late. At the omnibus hearing held on April 27, 2010, Plaintiff was given an opportunity to identify the discovery that he needed in order to prosecute this case. Plaintiff did so, and the court entered an Order [18] setting forth the discovery that Defendants were to provide to Plaintiff.[8] The court further stated: "There are no

---

[7] Even if the court considers the statements to be competent summary judgment evidence, they do not raise a fact issue regarding excessive force. Inmate Liondell Minor states that Walker "pushed him [Plaintiff] out of the dining hall." Inmate An'Tonio L. Barnes states that Walker "almost" shoved Plaintiff to the floor. Inmate Rodarius Stewart states only that Walker "grabbed" Plaintiff, "jook [sic] him" and "told him to get out of the dining hall." *See* [1] at 7-8.

[8] The court ordered that Defendants produce to Plaintiff: a copy of any ARP documents relating to the alleged assault, and a copy of any incident reports relating to the alleged assault. *See* [18]. At the omnibus hearing, Plaintiff did not identify or request any additional documents that he

other discovery matters pending at this time, except for those set forth herein. The discovery set forth above will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1)." The motions deadline in this case expired on July 15, 2010. *See* [18]. Thus, Plaintiff's motion is untimely and comes only after the Defendants have moved for summary judgment. Moreover, Mr. Walker avers in his affidavit that because there were no incident reports generated for March 2009, there was also no video surveillance retained at WCCF. *See* Walker Aff. ¶ 4. Accordingly, even if Plaintiff's request for the videotape was timely and appropriate, there does not appear to be any such videotape in WCCF's possession, custody or control.

Accordingly, as the only "evidence" in the record to support his claims - apart from his own self-serving allegations - are unsworn declarations that do not meet the requirements of Fed. R. Civ. P. 56(e), Plaintiff has failed to offer competent summary judgment evidence rebutting Mr. Walker's that no physical altercation occurred on March 30, 2009. Moreover, even assuming *arguendo* that Defendant Walker did use force against Plaintiff as he alleges, and that such use of force was not applied in a good faith effort to restore discipline, based on the *de minimis* nature of the injuries allegedly suffered by Plaintiff ("a little" pain and bruising in his wrist, and stress and anxiety), Plaintiff has still failed to establish an Eighth Amendment violation. *See Adeleke v. Heaton*, 2009 WL 3682539, at * 4 (5th Cir. Nov. 5, 2009) ("[T]he physical injury [plaintiff] received from [defendant], a sore shoulder which he treated with Tylenol and for which he neither sought nor required medical attention, was no more than *de*

---

needed in order to pursue this claims.

*minimis* and insufficient to support a claim of cruel and unusual punishment."); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of prisoner's excessive force claim, holding that prisoner's sore bruised ear was *de minimis* injury); *Lee v. Wilson*, 2007 WL 2141956, at *1 (5th Cir. July 26, 2007) (affirming dismissal of prisoner's excessive force claim, holding that prisoner's busted lip was *de minimis* injury); *Holloway v. Arnold*, 66 F.3d 321, at * 1 (5th Cir. 1995) (*per curiam*) (holding that "pain, mental stress, humiliation, embarrassment, and discomfort" caused by alleged excessive force were de minimis injuries and were insufficient to constitute an Eighth Amendment violation); *see also Parker v. Currie*, 2008 WL 4147757, at * 6 (E.D. Tex. Aug. 29, 2008), *appeal dismissed by* 359 Fed. Appx. 488 (5th Cir. Jan. 4, 2010) (stating that plaintiff's allegations that he was "left in pain" and "had headaches" were "not sufficient to show that [plaintiff] sustained an injury which was more than de minimis.").

Based on the foregoing, the court concludes that Defendant Walker is entitled to judgment as a matter of law on Plaintiff's excessive force claim.

Plaintiff also claims that following the alleged assault, he was kicked out of the dining room and did not receive a meal. The Constitution requires that inmates be provided with "reasonably adequate" food. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996)). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Berry*, 192 F.3d at 507 (quoting *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998)). Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Id.* Even on a regular, permanent basis, two meals a day may be

adequate. *Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986).

The alleged denial of one meal clearly does not rise to the level of a constitutional violation. Plaintiff "has not alleged any specific harm...Neither has [he] claimed that he lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet, nor has he alleged having his health put at risk." *Berry*, 192 F.3d at 508 (upholding court's dismissal of prisoner's claim for missing eight meals over a six-month period as frivolous); *see also Turner v. Dretke*, 2009 WL 1232095, at * 1 (5th Cir. May 6, 2009) (holding that because plaintiff's allegations failed to "evince[ ] a continuous deprivation of food for any period much less a lengthy period," he did not state a constitutional claim).

Finally, to the extent Plaintiff alleges claims against Defendant Walker in his official capacity, Plaintiff has failed to prove that a policy, custom or practice of WCCF was the "moving force" behind the alleged constitutional violations. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).[9] Accordingly, any such claims should be dismissed as well.

Defendant Banks

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for

---

[9] "For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

9

the actions of subordinates under any theory of vicarious liability.") (citations omitted). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

As noted *supra*, Plaintiff conceded that Warden Banks was not present when the alleged assault took place, and that he sued her merely because she was made aware of the alleged incident through his filing of a grievance in the administrative remedy program and she failed to do anything about it. Plaintiff reiterated these allegations in his response [25] to the motion. This is insufficient to establish a constitutional violation. *See*, *e.g.*, *Dehghani v. Vogelgesang*, 226 Fed. Appx. 404, 406 (5th Cir. Apr. 17, 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Hailey v. Savers*, 240 Fed. Appx. 670, 672 (5th Cir. July 18, 2007) (*per curiam*) (affirming dismissal of prison medical administrator because plaintiff "failed to allege specific facts to demonstrate that [administrator] had personal involvement...."); *Mosley v. Thornton*, 2005 WL 1645781, at * 5 (E.D. La. June 20, 2005) ("the fact that the Sheriff responded to plaintiff's appeal is insufficient

to support a constitutional claim against the Sheriff."); *Jones v. Livingston*, 2005 WL 3618316, at * 3 (S.D. Tex. Jan. 6, 2005) ("the fact that [supervisory prison official] did not respond to, or denied, plaintiff's grievances does not, alone, state a claim..."); *Anderson v. Pratt*, 2002 WL 1159980, at * 3 (N.D. Tex. May 29, 2002) (Warden's review and denial of grievance did not show personal involvement in deprivation of constitutional rights).

Further, to the extent that Plaintiff asserts claims against Warden Banks in her official capacity, as with Defendant Walker, Plaintiff has failed to prove that a policy, custom or practice of WCCF was the "moving force" behind the alleged constitutional violations. *See Thompkins*, 828 F.2d at 304; *Monell*, 436 U.S. at 694. Accordingly, any such claims should be dismissed as well.

IT IS , THEREFORE, ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [22] is granted and Plaintiff's claims are dismissed with prejudice. A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

SO ORDERED AND ADJUDGED on this the 8th day of September, 2010.

s/ Michael T. Parker  
United States Magistrate Judge